IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HAROLD MOSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEE COUNTY JUSTICE CENTER, )<br>*et al.*, )<br>)<br>Defendants. ) | CASE NO. 3:24-CV-770-WKW<br>[WO] |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiff Harold Moss filed this *pro se* complaint under 42 U.S.C. § 1983 against the Lee County Justice Center, the Auburn Police Department, and the sheriff of Lee County. (Doc. # 1.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2). After review, Plaintiff's claims must be dismissed prior to service of process pursuant to §§ 1915(e)(2)(B) and 1915A(b); however, Plaintiff will be given an opportunity to amend his complaint.

## II. STANDARD OF REVIEW

Plaintiff, an inmate detained at the Lee County Detention Center, is proceeding *in forma pauperis* (IFP). (Doc. # 48.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff

is seeking redress from state governmental officers or employees, the complaint also is subject to screening under 28 U.S.C. § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted.  *See* § 1915(e)(2)(B)(ii);

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

§ 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia*

3

*Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III. THE COMPLAINT'S ALLEGATIONS

The complaint's allegations, construed in Plaintiff's favor, set forth the following. Plaintiff alleges that when he was arrested by the Auburn Police Department, he was "thrown down on the ground" and "kicked in [the] stomach and side[,] causing [him] to throw up blood." (Doc. # 1 at 2–3.) Plaintiff asked for medical help and was taken to the hospital, where a nurse cleared him for transport to jail. (Doc. # 1 at 3.) According to Plaintiff, he got to jail and was unable to urinate and "throwing up blood repeatedly," and when he did finally urinate, he was urinating blood. (Doc. # 1 at 3.)

Plaintiff alleges that he informed the Lee County Detention Center that he needed medical attention while he "was in booking throwing up blood[,] peeing out blood[,]" and experiencing "chest pains." (Doc. # 1 at 3.) Plaintiff says that, despite his pleas, he was "denied proper medical attention" and that he continued to throw up and urinate blood "for weeks before [he] was taken to the hospital where [he] underwent two surgeries." (Doc. # 1 at 3.) He further alleges that, since his release from the hospital, he has "not received any meds" and is still urinating blood. (Doc. # 1 at 3.)

4

In an attachment to his complaint, Plaintiff supplements his allegations and makes additional allegations against parties not named as Defendants. (*See* Doc. # 1-1.) Plaintiff first alleges that "Sgt. Snipes" brought Plaintiff the wrong medication, and even though Plaintiff "showed [Sgt. Snipes] the paperwork" from the hospital, he still had not received his medication at the time he filed his complaint. (Doc. # 1-1 at 1.) As to Plaintiff's claim that he has been denied proper medical attention, he further alleges that he went in front of Judge Speakman for his 72-hour hearing, and because he was throwing up blood in Judge Speakman's courtroom, Judge Speakman "stated that he wanted the jail to get [him] medical treatment." (Doc. # 1-1 at 2.) However, Plaintiff says that the jail "didn't comply [until] weeks later." (Doc. # 1-1 at 2.) This compliance was the jail taking him to the hospital where he had the surgeries referenced in his complaint. (Doc. # 1-1 at 2; *see also* Doc. # 1 at 3.)

The day after his surgeries, Plaintiff alleges that he was taken back to jail and placed in a holding cell while "still bleeding from [his] surgery, bleeding from [his] penis, [and] still throwing up blood." (Doc. # 1-1 at 2.) For days, Plaintiff remained in the holding cell with no sheets, blanket, or mattress to sit or lay on, no water to drink, and no medication. (Doc. # 1-1 at 2.) Because of his ongoing issues, Plaintiff states that he has "lost weight" and is still "loosing [sic] weight rapidly." (Doc. # 1-1 at 2.) He states that he has "told several officers on different occasions" that he is

5

"still not well and still [urinating] out blood and dehydrated" and that one officer, who Plaintiff identifies as "Officer Patrick," threatened to taze him. (Doc. # 1-1 at 3.) Another officer, identified by Plaintiff as "Officer Bullard" berated him with expletives when Plaintiff asked for his medication. (Doc. # 1-1 at 3.)

In his request for relief, Plaintiff asks for $800,000 in damages based on the "grossly inadequate medical attention" that he has received along with "the pain, suffering, and discomfort" that he has gone and continues to go through. (Doc. # 1 at 4.)

### IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

6

A.   **The Defendants**

1.   *Lee County Justice Center:  Not a Legal Entity Subject to Suit Under § 1983*

Plaintiff names the Lee County Justice Center as a Defendant in this action. However, the Lee County Justice Center is the location of various county judicial and legal offices, and Plaintiff makes no allegations regarding the Justice Center itself.  The Lee County Detention Center, however, is the facility where Plaintiff is detained, and Plaintiff often refers to "the jail" in his complaint.  As further evidence that Plaintiff erroneously named the Justice Center rather than the Detention Center, he identifies his "place of present confinement" as "Lee County Justice Center Opelika, AL."  (Doc. # 1 at 2.)  Accordingly, it is presumed that Plaintiff has sued the Lee County Detention Center.

Though it is presumed that Plaintiff has sued the Lee County Detention Center, neither the Detention Center nor the Lee County Justice Center is an entity capable of being sued under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of an entity that is not an individual or a corporation to sue or be sued is determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3).  Under Alabama law, "[t]he sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto," Ala. Code § 14-6-1, and the county sheriff's office generally operates the county jail.  An Alabama county sheriff's department lacks the capacity to be sued under § 1983.

7

*See Dean*, 951 F.2d at 1214–15.  A county jail, as a subdivision of the county sheriff's department, thus also is not a suable entity under § 1983.  *See e.g.*, *Davis v. Montgomery Cnty. Det. Facility*, 2019 WL 1048842, at *2 (M.D. Ala. Mar. 5, 2019), *aff'd sub nom.*, *Davis v. Montgomery Cnty. Comm'n*, 817 F. App'x 932 (11th Cir. 2020).

Because the Lee County Justice Center (*i.e.*, the Lee County Detention Center) is not a legal entity subject to suit or liability under § 1983, all claims against it are "based on an indisputably meritless legal theory" and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).  *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

### 2.   *Auburn Police Department:  Not a Legal Entity Subject to Suit Under § 1983*

"Sheriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of an entity like a police department to sue or be sued is determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3).  Under Alabama law, a police department lacks the capacity to sue and be sued.  *Ex Parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").  Therefore, the Auburn Police Department

"is not a legal entity subject to suit or liability." *Wilson v. State*, 536 F. Supp. 3d 1245, 1248 (M.D. Ala. 2020) (citing *Ex Parte Dixon*, 55 So. 3d at 1172 n.1 (identifying police departments as "subordinate entities generally lacking the capacity to sue or be sued")).

Because the Auburn Police Department is not a legal entity subject to suit or liability under § 1983, Plaintiff's claims against it are "based on an indisputably meritless legal theory" and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

3.   ***Sheriff of Lee County:  Eleventh Amendment Immunity***

It is unclear from the complaint whether Plaintiff brings this action against the sheriff of Lee County in his individual or official capacity.  "When a complaint does not identify 'in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed.'" *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994)).  The fact that Plaintiff names "Sheriff of Lee County" as a Defendant and does not reference the sheriff by name (or at all) throughout his complaint indicates that this suit likely was brought against the sheriff in his official rather than individual capacity. *See, e.g.*, *Colvin v. McDougall*, 62 F.3d 1316, 1317 (11th Cir. 1995) (reasoning that a case style naming

"John J. McDougall, as Sheriff of the Lee County" and the mention of McDougall by name only three times in the complaint was suggestive of a suit against the sheriff in his official rather than individual capacity).

The Eleventh Amendment bars citizens of a state from bringing suit against that state unless the state has expressly waived Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Eleventh Amendment immunity extends to state officials in their official capacities in cases where, for all practical purposes, "the state is the real, substantial party in interest." *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). "[T]he state is considered the real party in interest" when, for example, an award of damages against the named defendant would be paid by the state. *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257–58 (M.D. Ala. 2007) (quoting *Carr*, 916 F.2d at 1524).

The Supreme Court of Alabama has held that a county sheriff is an executive officer of the state of Alabama. *See Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987). "[B]ecause sheriffs are deemed 'executive officers of the state [of

10

Alabama],' lawsuits against sheriffs in their official capacities are, in essence, lawsuits against the state." *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Carr*, 916 F.2d at 1525). The sheriff of Lee County is, therefore, a state official who enjoys Eleventh Amendment immunity for claims brought against him in his official capacity for monetary damages. Accordingly, Plaintiff's claims against the sheriff of Lee County in his official capacity for monetary damages must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

Even if the § 1983 claims against the sheriff are construed as individual-capacity claims, they fail because Plaintiff has not alleged enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 imposes liability on supervisory officials only where "they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully yet fail to stop them." *Rendon v. Fulton Cnty. Sheriff*, 808 F. App'x 961, 962 (11th Cir. 2020) (per curiam) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)). Supervisory liability cannot rest on respondeat superior or vicarious liability. *Myrick v. Fulton County*, 69 F.4th 1277, 1297 (11th Cir. 2023). Therefore, in addition to alleging the underlying constitutional violation, the complaint also must establish

the sheriff's responsibility for that violation under a theory of supervisory liability.[2] The complaint's allegations, accepted as true and considered in the light most favorable to Plaintiff, fail to show that the sheriff personally participated in, directed, or knowingly acquiesced in the conduct at issue, or that there is any causal connection between the sheriff and the alleged unconstitutional conduct of subordinates. Therefore, the claims do not cross the line "from conceivable to plausible." *Twombly*, 550 U.S. at 547. Accordingly, any § 1983 individual-capacity claim against the sheriff of Lee County for monetary damages will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Finally, although Plaintiff does not explicitly request injunctive relief (*see* Doc. # 1 at 4), his chief complaint is that he is not receiving adequate medical care and medications as prescribed. State officials can be sued in their official capacity

---

[2] Given the nature of the complaint's allegations, the alleged underlying constitutional violation pertains to deliberate indifference to Plaintiff's serious medical needs, which falls under the Eighth Amendment for convicted prisoners and the Fourteenth Amendment for pretrial detainees. *See Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (Eighth Amendment); *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (Fourteenth Amendment). The legal standards for a deliberate-indifference claim are the same under the Eighth and Fourteenth Amendments, allowing for their interchangeable application. *Id.* "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, ___ F.4th ___, 2025 WL 3442596, at *4 (11th Cir. Dec. 1, 2025) (quoting *Wade*, 106 F.4th at 1262). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* (quoting *Wade*, 106 F.4th at 1262). Furthermore, Eleventh Circuit "caselaw recognizes that a nonmedical officer cannot be held liable for deliberate indifference if he reasonably relies on the opinion of a medical officer in his treatment of a detainee or inmate." *Id.*

for prospective injunctive relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). But even if the complaint is construed as seeking prospective injunctive relief for the provision of constitutionally adequate medical care, it still fails to state a claim for deliberate indifference to serious medical needs against the sheriff of Lee County.

**B.     Amendment to the Complaint**

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted). In this action, an amendment will be allowed.

In filing such an amended complaint, should Plaintiff choose to do so, Plaintiff must present a short and plain statement of each claim so as to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). He must clearly identify defendants and state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted).

## V.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)   Plaintiff's 42 U.S.C. § 1983 claims against the Lee County Justice Center are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(i)–(ii) and 1915A(b)(1);

(2)   Plaintiff's § 1983 claims against the Auburn Police Department are DISMISSED with prejudice pursuant to §§ 1915(e)(2)(i)–(ii) and 1915A(b)(1);

(3)   Plaintiff's § 1983 claims against the sheriff of Lee County in his official capacity for monetary damages are DISMISSED with prejudice pursuant to §§ 1915(e)(2)(i)–(iii) and 1915A(b)(1); and

(4)   To the extent Plaintiff brings § 1983 claims against the sheriff of Lee County, both in his individual capacity for monetary damages and in his official capacity for prospective injunctive relief, those claims are DISMISSED without prejudice for failure to state a claim pursuant to §§ 1915(e)(2)(ii) and 1915A(b)(1).

The Clerk of Court is DIRECTED not to terminate the sheriff of Lee County as a Defendant in the court's electronic system for this action, pending further order from the court and until Plaintiff has had an opportunity to amend the complaint. Additional instructions will be provided after the deadline for amending the complaint has passed.

It is further ORDERED that Plaintiff must filed an amended complaint on or before **January 7, 2026**, that does the following:

1. Includes only those defendants he contends are personally responsible for the alleged violations of his constitutional rights;

2. Describes what each defendant did that violated those constitutional rights;

3. States when and where the violations occurred;

4. Describes how the acts or omissions of each defendant harmed him; and

5. States the specific relief he seeks.

To aid Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 actions.  **Plaintiff must use the form in filing his amended complaint.**  The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or Defendants' counsel) of any change in his address within 14 days following such change of address.  Plaintiff is CAUTIONED that failure to comply with the terms of this Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 17th day of December, 2025.

                                            /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE