IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HAROLD MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:24-CV-770-WKW |
| | ) [WO] |
| LEE COUNTY JUSTICE CENTER, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are the following motions: Plaintiff's Motion for Status and Motion to Appoint Counsel (Doc. # 45); Motion for Subpoena of Medical Records (Doc. # 52); an Inquiry for Update/Status Report, construed as a motion for status (Doc. # 55); two additional Motions for Status (Docs. # 57, 58); and a Request for a Preliminary Injunction (Doc. # 4). Each motion will be addressed in turn.

A. **Plaintiff's Motions for Status Updates**

An order setting a status hearing (Doc. # 59) and an order permitting Plaintiff to amend his complaint (Doc. # 60) have been entered. As a result, Plaintiff's motions requesting updates on the status of his case (Docs. # 45, 55, 57, 58) will be denied as moot.

B.      **<u>Plaintiff's Motion for Appointment of Counsel</u>**

Plaintiff's motion requesting the appointment of counsel (Doc. # 45) will be denied at this time.[1]  The court will reconsider this issue at a later date if warranted by the circumstances of this case.  A plaintiff in a civil case has no constitutional right to counsel.  *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)).  Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028).  Although Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. # 48), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate.  *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

As grounds for his motion, Plaintiff simply requests counsel because he "cannot afford to hire an attorney."  (Doc. # 45 at 1.)  Plaintiff's inability to afford an attorney, standing alone, is not the sort of "exceptional circumstance" that would

---

[1] This is Plaintiff's second motion requesting the appointment of counsel.  A prior Order (Doc. # 44) denied the first motion.

justify appointment of counsel at this time. Furthermore, upon review of the record, the issues raised in Plaintiff's complaint are not novel or unduly complex.

C.   **Plaintiff's Motion to Subpoena Medical Records**

Plaintiff has filed a motion to subpoena medical records (Doc. # 52), which is akin to a discovery motion. However, this motion is premature for two reasons. First, as set out in a separate Memorandum Opinion and Order entered today, Plaintiff must file an amended complaint to correct the identified pleading deficiencies. This amended complaint then will be reviewed under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). If any claims in the amended complaint are allowed to proceed, the court will order the amended complaint's service on Defendant(s). Until a viable claim is established, discovery is premature. Second, a scheduling order has not yet been entered. This order sets deadlines and governs discovery in accordance with the Federal Rules of Civil Procedure, and discovery will not begin until its entry. Accordingly, Plaintiff's motion to subpoena medical records (Doc. # 52) will be denied.

D.   **Plaintiff's Request for a Preliminary Injunction**

In an earlier Order (Doc. # 5), the court construed one of Plaintiff's letters (Doc. # 4) as containing a request for a preliminary injunction regarding claims of being denied medical care and prescribed medication and ordered counsel for the Sheriff of Lee County, Alabama, to file a response. Having reviewed Plaintiff's

request (Doc. # 4) and the response (Doc. # 16), the court finds that preliminary injunctive relief is not warranted.

The decision whether to grant a preliminary injunction is within the sound discretion of the district court. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits of the complaint; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *See id.*

Plaintiff has not met his burden of demonstrating the four prerequisites for a preliminary injunction. At present, he has failed to show a substantial likelihood of success on the merits or that irreparable injury will occur. Additionally, he has not demonstrated that the injury outweighs potential harm to the non-moving parties. Furthermore, the specifics of the preliminary injunctive relief sought by Plaintiff are unclear, and it is uncertain whether granting such an injunction would align with the public interest. Therefore, the request for a preliminary injunction will be denied. However, if circumstances change, Plaintiff may renew his motion.

**E.**     **Conclusion**

Based on the foregoing, it is ORDERED as follows:

(1)     Plaintiff's motions for status updates (Docs. # 45, 55, 57, 58) are DENIED as moot;

(2)     Plaintiff's motion to appoint counsel (Doc. # 45) is DENIED at this time;

(3)     Plaintiff's motion to subpoena medical records (Doc. # 52) is DENIED; and

(4)     Plaintiff's request for a preliminary injunction (Doc. # 4) is DENIED.

DONE this 17th day of December, 2025.

                                        /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE