IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HAROLD MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:24-CV-770-WKW |
| | ) [WO] |
| LEE COUNTY DETENTION | ) |
| CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Harold Moss filed a *pro se* complaint under 42 U.S.C. § 1983.  (Doc. # 1.)  His original complaint named the Lee County Justice Center, the Auburn Police Department, and the sheriff of Lee County as Defendants.  (*See* Doc. # 1.)  By Memorandum Opinion and Order dated December 17, 2025, Plaintiff was instructed to file an amended complaint because the Lee County Justice Center and the Auburn Police Department are not legal entities subject to suit under § 1983.  (Doc. # 60 at 7–9.)  Additionally, although Plaintiff did not make clear in which capacity (official or individual) he sued the sheriff of Lee County, claims against the sheriff in his official capacity for monetary damages are barred by the Eleventh Amendment.  (Doc. # 60 at 9–11.)  Furthermore, even construing Plaintiff's claims against the sheriff as individual-capacity claims for monetary damages, his claims

failed because Plaintiff did not allege sufficient facts "to state a claim for relief that is plausible on its face." (Doc. # 60 at 11–12 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).)

## II.  PLAINTIFF'S AMENDED COMPLAINT

Plaintiff since has filed an amended complaint, naming five Defendants: (1) the Lee County Detention Center; (2) Sheriff Jay Jones; (3) Dr. John McFarland; (4) Nurse Core; and (5) Nurse S. Soupanthoung. (Doc. # 62.)

A.  **Dismissal of the Lee County Detention Center as a Defendant**

The Lee County Detention Center is the facility where Plaintiff is currently incarcerated. To the extent that Plaintiff brings claims against the Lee County Detention Center as a Defendant, these claims will be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Lee County Detention Center is not an entity capable of being sued under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of an entity that is neither an individual nor a corporation to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under Alabama law, "[t]he sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto." Ala. Code § 14-6-1. An Alabama county sheriff's department lacks the capacity to be sued under § 1983.

*See Dean*, 951 F.2d at 1214–15. A county jail, as a physical structure used by the county sheriff's department, thus also is not a suable entity under § 1983. *See, e.g., Davis v. Montgomery Cnty. Det. Facility*, 2019 WL 1048842, at *2 (M.D. Ala. Mar. 5, 2019), *aff'd sub nom.*, *Davis v. Montgomery Cnty. Comm'n*, 817 F. App'x 932 (11th Cir. 2020).

Because the Lee County Detention Center is not a legal entity subject to suit or liability under § 1983, all claims against it are "based on an indisputably meritless legal theory" and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

### B. Sheriff Jay Jones

To the extent that Plaintiff sues Jay Jones, the sheriff of Lee County, for monetary damages, Plaintiff is cautioned that a suit against Sheriff Jones in his official capacity for monetary damages is barred by the Eleventh Amendment. However, to the extent that Plaintiff sues Sheriff Jones in his individual capacity for monetary damages or in his official capacity for declaratory or injunctive relief, the claims against Sheriff Jones survive initial screening under §§ 1915(e)(2)(B) and 1915A(b)(1).

### C. Service of Plaintiff's Amended Complaint

Plaintiff has been granted leave to proceed *in forma pauperis* in this action

(Doc. # 48), and no Defendant has been served yet. Accordingly, Plaintiff's amended complaint will be served as further set out below.

### III. PENDING MOTION

Also pending before the court is a letter filed by Plaintiff, which was docketed as a motion for compensatory and punitive damages. (Doc. # 64.) After careful consideration, that motion will be denied in part as moot to the extent that Plaintiff's amended complaint already seeks a substantial sum of monetary damages. (*See* Doc. # 62 at 4.) Additionally, the motion otherwise will be denied because it is not a proper pleading.

### IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claims against the Lee County Detention Center are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

(2) Plaintiff's motion for compensatory and punitive damages (Doc. # 64) is DENIED as moot in part and DENIED in part.

(3) The Clerk of Court is DIRECTED to (a) send a copy of this Memorandum Opinion and Order to Plaintiff and (b) serve a copy of this Memorandum Opinion and Order, the summons, and the amended complaint (Doc. # 62) via certified mail on all Defendants.

(4) It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

(5) If a service recipient will not accept service for a named Defendant, the service recipient is DIRECTED to so advise the court and provide the court with each Defendant's last known address and phone number. This information may be filed with the Clerk of Court in response to this Memorandum Opinion and Order and may be filed under seal.

(6) Defendants are ordered to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within twenty-one (21) days of being served.

DONE this 27th day of January, 2026.

                                                                     /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE